IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRI KNIGHT,

    Plaintiff,

v.

SAN FRANCISCO GENERAL HOSPITAL,

    Defendant.

No. C 05-00645 WHA

**ORDER DENYING MOTION TO REOPEN CASE**

## INTRODUCTION

In this action alleging employment discrimination, plaintiff voluntarily dismissed her complaint without prejudice on August 19, 2005. She now moves to reopen her case. This motion is **DENIED**.

## STATEMENT

Pro se plaintiff Terri Knight filed a complaint on February 11, 2005, alleging employment discrimination in violation of Title VII (Compl. ¶ 3). While employed by defendant San Francisco General Hospital, she was allegedly exposed to toxic chemicals and suffered from stress, eye irritations and infections, dizziness and anxieties (*id.* ¶ 6). She further claims that defendant failed to accommodate her alleged injuries by assigning her alternative job duties; she was subsequently "asked to leave" on April 10, 2004 (*id.* ¶¶ 4, 6–7). Ms. Knight alleges that she was singled out for disparate treatment on the basis of race (*id.* ¶ 5).

She subsequently filed charges with the Equal Employment Opportunity Commission, ("EEOC"), on April 2, 2004, and received a Notice-of-Right-to-Sue letter dated November 12,

1  2004 (*id.* ¶¶ 8–9). This right-to-sue letter, appended as an exhibit to the complaint, notified
2  plaintiff of her "right to institute a civil action against the above-named respondent under:
3  Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, *et seq.*, and Title V,
4  Section 503 of the Act, 42 U.S.C. 12203."

5      Defendant promptly moved to dismiss the action. At plaintiff's request, however, this
6  action was temporarily stayed until August 4, 2005, unless the parties stipulated to a further
7  continuance. Defendant re-noticed its motion for hearing on August 25, 2005. Because no
8  extension was requested, the temporary stay was lifted on August 5, 2005. Before defendant's
9  motion was heard, however, plaintiff voluntarily dismissed her complaint without prejudice on
10 August 19, 2005. Plaintiff now moves to reopen her case and requests that an attorney be
11 appointed to represent her. She further seeks an extension of time to allow her to exhaust her
12 administrative remedies before filing an amended complaint.

**ANALYSIS**

14     As an initial matter, this order notes that a plaintiff proceeding pro se is obligated to
15 follow the same rules as a represented party. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
16 Having voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure
17 41(a)(1)(i), plaintiff cannot now change her mind. Her voluntary dismissal automatically
18 terminated this action on August 19, 2005. Afterwards, the parties were left as though no
19 lawsuit had been brought in the first place and "the district court lacks jurisdiction to do
20 anything about it." *Commercial Space Mgmt. Co., Inc. v. The Boeing Co., Inc.*, 193 F.3d 1074,
21 1078 (9th Cir. 1999). In other words, the Court has no authority to reopen the file.

22     Even if it were possible to revive the complaint, plaintiff has admitted that she has not
23 yet exhausted her administrative remedies with respect to her claim of race discrimination.
24 Before bringing a lawsuit under Title VII, a person claiming to be aggrieved must file a timely
25 charge with the EEOC and receive a right-to-sue notice. 42 U.S.C. 2000e-5(f)(1). A lawsuit
26 filed before a right-to-sue letter is received is subject to dismissal. *Karim-Panahi v. Los
27 Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

It is true that plaintiff received a right-to-sue letter. This notice, however, did not mention race discrimination or Title VII. Instead, plaintiff was notified that she had the right to sue under Title I and Title V of the ADA. (Oddly enough, plaintiff's complaint did *not* allege disability discrimination.) When seeking judicial relief, the alleged acts of discrimination must be "like or reasonably related to the allegations of the EEOC charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002)(internal citation omitted). Here, plaintiff's Title VII claim is not like or reasonably related to the charges she filed with the EEOC. *Rodriguez v. Airborne Express*, 265 F3d 890, 897–98 (9th Cir. 2001)(dismissing the plaintiff's claim of disability discrimination when only a claim of race discrimination had been administratively exhausted because "[t]he two claims involve totally different kinds of allegedly improper conduct").

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen this case is **DENIED**. In any event, because her voluntary dismissal was without prejudice, plaintiff is not procedurally barred from starting over and filing a *new* complaint when she is finished exhausting her administrative remedies.

**IT IS SO ORDERED.**

Dated: October 19, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE